Chen v. Garland

BIA
A078 729 935

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand twenty-one.

PRESENT:
>           JOSÉ A. CABRANES,
>           SUSAN L. CARNEY,
>           RICHARD J. SULLIVAN,
>                 *Circuit Judges*.

_____

YONG LE CHEN,
>           *Petitioner*,

>     v.                                          19-2293
                                                   NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>           *Respondent*.*

_____

FOR PETITIONER:              Richard Tarzia, Esq., Belle Mead, NJ.

FOR RESPONDENT:              Sarah L. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Le Chen, a native and citizen of the People's Republic of China, seeks review of the BIA's denial of his motion to reopen his removal proceedings. *In re Yong Le Chen*, No. A078 729 935 (B.I.A. July 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The BIA did not abuse its discretion in denying Chen's motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (reviewing denial of motion to reopen for abuse of discretion). Relying on *Pereira v. Sessions*, 138 S. Ct. 2105, 2114 (2018), Chen argued that his notice to appear ("NTA"), which did not contain a hearing date and time, was inadequate to vest jurisdiction in the immigration court. Our decision in *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019), forecloses this argument. *See In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010) ("This panel is bound by the decisions of prior panels until such time as they are

overruled either by an en banc panel of our Court or by the Supreme Court." (internal quotation marks omitted)). An NTA that does not provide the date and time of the hearing vests jurisdiction with the immigration court if the noncitizen receives a subsequent hearing notice with the missing information. *Banegas Gomez*, 922 F.3d at 110–12. Although Chen's NTA did not contain the time and date of his initial hearing, he received subsequent hearing notices and appeared at his hearings.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3